## NATHAN H. FELTON *vs.* DAVID WADSWORTH.

If an attorney, inadvertently and without the knowledge of his client, takes judgment and obtains execution for a sum known by his .client to be more than is really due him, and, on discovering the mistake, goes to the officer, in whose hands the execution is, to give him instructions as to the service thereof; the taking of judgment for too large a sum does not dissolve an attachment made in the action, as against subsequent attaching creditors ; and if the officer refuses to receive the attorney's instructions, and applies the property to the payment of subsequent attaching creditors, the officer will be liable to the client.

THIS was an action on the case against a constable, for an alleged neglect of duty, in not applying the sum of eighty dollars to the satisfaction of an execution, recovered by the plaintiff against Leeds Brown, and in the defendant's hands for collection.

At the trial in the court of common pleas, before *Hoar*, J., it appeared in evidence that a writ was sued out from that court by the plaintiff against said Brown, and served by the defendant, by attaching Brown's personal property, which the defendant afterwards sold for $74.96; that the plaintiff recovered judgment in that action for $65.85 debt, and $16.18 costs ; and that the execution issued thereon was delivered to the defendant, and satisfied for the costs and five dollars only of the debt.

The defendant's ground of defence was, that the judgment recovered by the plaintiff against Brown was for a sum greater than was justly due; that, on the day after the plaintiff's attachment, the same property was attached at the suit of Hiram Wadsworth, who obtained judgment and execution at the same term as the plaintiff; that said execution was placed in the defendant's hands with the plaintiff's execution; and that the defendant, upon notice that the plaintiff's attachment was vacated by taking a fraudulent judgment, applied the proceeds of said personal property to the satisfaction of the execution recovered by Hiram Wadsworth.

There was evidence tending to show, that the plaintiff's judgment against Brown should have been only for $38.50 debt, and $16.18 costs; that the judgment was taken for

more than that sum inadvertently, by one of the plaintiff's counsel, without the plaintiff's knowledge; that, upon the discovery of that fact, Mr. Williams, who was also of counsel for the plaintiff in that suit, and to whose care, as attorney, the management of the same had been intrusted, went to see the defendant, within thirty days after the plaintiff's execution had issued, and stated to him the sum actually due upon said execution, and that he had come with a view to give him instructions relative to the service of said execution; but the defendant declined to receive such instructions.

The presiding judge instructed the jury, that if the plaintiff took judgment for $65.85, knowing that not more than $50 was due, and committed the execution to an officer, it would dissolve his attachment, as against subsequent attaching creditors, although the judgment was entered by the plaintiff's attorney for the larger sum, and the execution delivered to the officer, in ignorance of the amount really due, and without the direction of his client; and although, by reason of receipts and claims held by Brown, the defendant in that suit, the plaintiff could not tell what precise sum, less than $50, was the sum due.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*B. F. Thomas* and *W. A. Williams*, for the plaintiff.

*E. Washburn*, for the defendant.

FLETCHER, J. The instruction of the court of common pleas was to the effect, that if an attorney, in ignorance of what is really due, and without the directions of his client, takes judgment for a sum which the client knows is not due, and gives the execution to an officer, the attachment is dissolved, as against subsequent attaching creditors, though it could not be told precisely what was due, by reason of the defendant keeping back the vouchers and receipts in his possession, which would show the sums which he was entitled to have deducted. This instruction must also be taken in connection with the facts, to establish which the plaintiff offered evidence, namely, that the judgment was taken for too much inadvertently by the attorney, without the knowledge of the

plaintiff; and that, upon the discovery of the fact, the attorney stated to the defendant the sum actually due, and endeavored to give him instructions relative to the service of the execution, but the defendant declined to receive such instructions.

The doctrine of the instruction given to the jury is, that if an attorney, in ignorance of what is due, the defendant not appearing to produce his vouchers to ascertain the precise sum due, takes judgment for more than is due, without any direction from the plaintiff, intending no wrong, and in fact doing no wrong, and the attorney, upon discovering the error, attempts to correct it, and the officer refuses to be instructed as to the service of the execution, still the plaintiff must lose his attachment, and lose his debt, in favor of subsequent attaching creditors.    This court cannot see how this instruction can be supported upon any just and sound principle of law.

But it is said, that there are two decisions of this court which sustain the instruction.    The first case is *Fairfield* v. *Baldwin,* 12 Pick. 388.    That was a case where a judgment was knowingly, deliberately, intentionally, and fraudulently obtained for more than was due, for the purpose of preventing the honest creditors from obtaining their debts out of the effects of their debtor.    This fraudulent purpose was followed up by taking execution, and applying the goods or moneys of the debtor to pay this fraudulent execution, and thus defrauding the honest creditors of their debts.    This fraudulent execution was set aside, and held invalid, for the purpose of preventing the fraud, and protecting the honest creditors The principle of that case is, that a judgment designedly and fraudulently obtained for more than was due, for the purpose of defeating the claims of honest creditors, will not be permitted to accomplish its fraudulent purpose.    The actual fraud is the essential element in the case.

The other case referred to, *Peirce* v. *Partridge,* 3 Met. 44, sets out manifestly a case of fraud, though it is not in express terms put on the ground of actual fraud.    It is true that, in the language of the report, there is not found any imputation, in terms, of fraud; but fraud very distinctly appears

from the facts established by the evidence. The facts in the case clearly show, that a judgment was knowingly and intentionally obtained by the party, for a large sum more than was due. This was followed up by taking out execution, and actually taking the money of the debtor to satisfy the whole amount of the execution, a large part of which was known not to be due, and thus wrongfully, knowingly and intentionally taking the money from a subsequent attaching creditor, who claimed to have it applied in payment of his debt. In that case, the party knowingly took a judgment for more than was due, and by force of the execution, and by indemnifying the officer for satisfying the whole execution, took money which he knew did not belong to him; and thus withdrew the debtor's money from honest creditors, who were justly entitled to it, and were earnestly claiming it. It was manifestly fraudulent for a party thus to take money which he knew did not belong to him, and thus defeat the just claims of a fair creditor. Though this transaction is not, in terms, called fraudulent, yet, in the opinion of the court, after stating the evidence, it is expressly said : " This evidence seems to the court fully to establish the facts necessary to bring the case within the principle alluded to, and which was applied in the case of *Fairfield* v. *Baldwin.*" 3 Met. 50.

The case of *Peirce* v. *Partridge* is therefore expressly put upon the same principle as that upon which *Fairfield* v. *Baldwin* was decided. It appears therefore that it was not the intention of the court to adopt any principle in *Peirce* v. *Partridge* different from that involved in *Fairfield* v. *Baldwin.* Nor does it appear, that in *Peirce* v. *Partridge* the court intended to extend the principle of the case of *Fairfield* v. *Baldwin;* but, on the contrary, the case of *Peirce* v. *Partridge* is expressly declared to be within the principle of the case of *Fairfield* v. *Baldwin.* Both these cases, therefore, were decided on the ground of fraud, and it is difficult to see on what other ground a party could be deprived of a just debt. The judgments in favor of the plaintiffs in those cases were declared invalid, because they were fraudulent, and were made the means of defrauding others.

Nothing appears in this case to bring it within the principle of those cases. There was evidence tending to show that the judgment was taken for too much, inadvertently, by one of the counsel for the plaintiff in the suit against Brown, and without the knowledge of the plaintiff; that, upon the discovery of that fact, Mr. Williams, who was also of counsel for the plaintiff in that suit, and to whose care, as attorney, the management of the same had been intrusted, went to see the defendant, within thirty days after the plaintiff's execution had been issued, and stated to him the sum actually due upon said execution, and that he had come with a view to give him instructions relative to the service of the writ of execution, but the defendant declined to receive such instructions. If these facts were established, it is difficult to see how the plaintiff could be held to have forfeited his debt. The plaintiff does not appear to have knowingly endeavored to collect on his execution what was not due to him, and what belonged to others. On the contrary, the attorney, upon discovering that the execution was for too large a sum, took immediate measures to correct the error, and to prevent the doing of any wrong to any one. So far as appears, no wrong was intended, and no wrong was in fact done.

Practically, the party seldom has any thing to do with making up a judgment. The business is wholly done by the attorney, and the judgment is supposed to be made up by the court. A party might deliver a note to an attorney for collection, telling him at the time that there had been payments on the note which had not been indorsed, but for which the maker had receipts, which he would probably produce, and directing the attorney to allow any receipts which might be produced with his name. The maker might pay no attention to a notice from the attorney, and, upon being sued, might be defaulted without producing any receipts, and the attorney then take judgment for the whole face of the note, and put the execution into an officer's hands, upon the knowledge of which coming to the plaintiff, he might take measures to correct the mistake, and to prevent the execution being levied for any more than was justly due. Here would be a judgment taken

for more than was known to be due, and an execution put in.o an officer's hands; but for that reason only, to set aside the judgment, in favor of a subsequent attaching creditor, would hardly be warranted by any principle recognized as fit and proper to be acted on in the administration of justice.

Penalties and forfeitures are visited upon fraud and wrong doing. The principle acted on in such cases is intended to prevent fraud and imposition. This was the principle involved in the cases referred to in support of the ruling in this case. The executions in those cases were tainted with fraud, and they were wholly set aside, to prevent their being used, under the form of law, as the instruments of wrong and injustice.

There must therefore be fraud, to bring a case within the principle of these adjudged cases. If, in the present case, there was no fraud, no wrong done, or attempted or intended to be done; if the judgment was taken for too much inadvertently, by the attorney, and the party had no purpose of obtaining on his execution any more than was due to him, and no more was taken; then this case does not come within the principle of the adjudged cases, and there is no just principle upon which the plaintiff could be deprived of what was justly due to him.

*Exceptions sustained*